IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROGER JUNIOR JONES,          )
                                    )
          Petitioner,          )
                                    )
vs.                              )         No. 3:08-CV-0134-O (BH)
                                    )               ECF
NATHANIEL QUARTERMAN, Director,    )    Referred to U.S. Magistrate Judge
Texas Department of Criminal          )
Justice, Correctional Institutions Division,   )
                                    )
          Respondent.       )

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in

implementation thereof, subject cause has previously been referred to the United States

Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are

as follows:

**I.  BACKGROUND**

Petitioner is an inmate currently incarcerated in Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director

of TDCJ-CID.

Petitioner filed a document titled "Notice of Appeals" in the United States District Court

for the Eastern District of Texas, Lufkin Division. His document was construed as a petition for

a writ of habeas corpus challenging his Dallas County conviction for attempted capital murder.

The petition was transferred to this Court on January 3, 2008. Thereafter, petitioner was ordered

to file an amended habeas petition using the § 2254 form provided by the Clerk.

According to petitioner, he was found guilty by a jury of the felony offense of attempted capital murder upon a peace officer in Cause No. F81-12123-MKQ in the 204th District Court of Dallas County, Texas, and sentenced to life imprisonment on March 16, 1982. His conviction was affirmed on appeal in 1983. Thereafter, he filed a state habeas petition alleging ineffective assistance of counsel on appeal. He then filed a state habeas petition on November 5, 2007, alleging a denial of a 24-hour probable cause hearing. That petition was denied by the Texas Court of Criminal Appeals on November 21, 2007.

Petitioner filed one prior federal habeas petition challenging a denial of release to mandatory supervision in Cause No. 3:03-CV-2629-D, which was dismissed on August 31, 2004, because petitioner asserted no constitutional violation.

Petitioner filed the instant petition on November 28, 2007, when he placed his original pleading in the prison mail system. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

Petitioner alleges that he was denied a 24-hour probable cause hearing.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Further, petitioner has failed to present any argument that he should be permitted to proceed under subparagraph (D). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the date petitioner's conviction became final.

Because petitioner filed his petition more than one year after his conviction became final in 1983, a literal application of § 2244(d)(1) renders his November 28, 2007 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation*

*under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of

§ 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his

state habeas application was pending before the Texas state courts. *See also Henderson* v.

*Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas

application stops the one-year period until ruling on state application).

Petitioner states that he filed a state habeas petition challenging the denial of a 24-hour

probable cause hearing on November 5, 2007, which was denied on November 21, 2007. This is

the same issue he raises in his federal petition. When petitioner filed his state petition in

November of 2007, the statutory limitations period had already expired. Accordingly, the

statutory tolling provision does not save petitioner's untimely federal petition.

Nothing in the petition indicates that rare and exceptional circumstances warrant

equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that

statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650,

654 (N.D. Tex. 1998) (same).

Because neither statutory nor equitable tolling save petitioner's November 2007 filing,

his federal habeas petition was filed outside the statutory period of limitations and should be

deemed untimely.

### III. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an

evidentiary hearing appears unnecessary.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DISMISS** it with prejudice.

**SIGNED this 5th day of March, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE