IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROGER JUNIOR JONES, )<br>     Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>     Respondent. ) | 3:08-CV-0134-O |

## FINDINGS OF THE COURT

After making an independent review of the pleadings, files and records in this case, and of the Findings, Conclusions and Recommendation of the United States Magistrate Judge and the petitioner's objections thereto, I am of the opinion that the Findings, Conclusions and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with the following additional findings.

Petitioner has filed the following state habeas applications attacking his Dallas County conviction for attempted murder, which is at issue in this case:

| App. No. | Filed | Denied |
|---|---|---|
| 12,645-04 | 12/2/83 | 3/28/84 |
| 12,645-05 | 5/15/84 | 9/19/84 |
| 12,645-06 | 11/26/84 | 1/30/85 |
| 12,645-08 | 11/10/86 | 5/6/87 |
| 12,645-09 | 11/2/87 | 2/29/88 |
| 12,645-10 | 10/27/89 | 3/28/90 |
| 12,645-11 | 1/28/91 | 9/23/92 |
| 12,645-17 | 3/5/03 | 3/17/04 |
| 12,645-19 | 7/19/07 | No disposition in state records. |

As stated by the Magistrate Judge, petitioner's conviction became final in 1983. This was prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because Jones' conviction became final prior to the effective date of the AEDPA, he was allowed a grace period within which to file his federal habeas petition. Jones' one-year limitation period began to run on April 24, 1996 and continued through April 24, 1997. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (holding that there is a one-year grace period for federal criminal defendants convicted prior to enactment of the AEDPA who file motions to vacate a sentence under 28 U.S.C. § 2255); *Flanagan v. Johnson*, 154 F.3d 196, 200 n.2 (5th Cir. 1998) (noting that, although *Flores* involved a § 2255 motion, it is controlling authority for § 2254 petitions). Although a properly filed state habeas application will toll the statute of limitations, Jones did not file a state habeas application attacking his attempted murder conviction during the one-year grace period.[1] The instant petition was signed on November 28, 2007 and filed on December 3, 2007, long after Jones' one-year limitation period expired.

It is therefore ORDERED that the petition for writ of habeas corpus is DISMISSED as time-barred. The clerk of court shall transmit copies of this order to petitioner and to counsel for respondent.

SO ORDERED this 16th day of October, 2008.

*[signature]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

---

[1] Respondent has indicated that Jones filed a state habeas application which served to toll the limitation period for 99 days. *See* Respondent Quarterman's Preliminary Response with Brief in Support at pp. 7-8. However, that application, No. 12,645-14, was a challenge to an Ellis County conviction for the offense of aggravated robbery. Therefore, it cannot serve to toll the statute of limitations as to Jones' Dallas County conviction for attempted murder.